# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY SAMPSON,               )<br>                                               )<br>               Petitioner,         )<br>                                               )<br>vs.                                          )<br>                                               )<br>GREGG WILLIAMS, Warden, )<br>                                               )<br>               Respondent.      ) | Case No. CIV-09-1094-W |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241, challenging the state court's revocation of parole.[1]  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined.[2]  As it appears that two of the three grounds raised by Petitioner are not cognizable in a federal habeas action and that the remaining federal claim has not been exhausted in state court, it is recommended that the petition be dismissed upon filing.

---

[1] Petitioner's challenge to parole revocation is properly brought pursuant to 28 U.S.C. § 2241. *See United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (noting that issues concerning "parole procedure[ ] go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241"); *Brewer v. Sutter*, No. 09-5010, 324 Fed.Appx. 709, 710 n.1. (10th Cir. April 8, 2009) (unpublished) (agreeing with district court's construction of habeas petition challenging parole revocation as a petition under § 2241) (Unpublished decisions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1).

[2] Rule 4 may be applied, in the Court's discretion, to actions brought pursuant to Section 2241.  *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.  *See also Boutwell v. Keating*, 399 F.3d 1203, 1207 n.2 (10th Cir. 2005).

**<u>Background/Petitioner's Claims</u>**

Petitioner is not challenging his conviction but instead is challenging the execution of his sentence in Case No. CF-1995-5655, District Court of Oklahoma County, wherein he was convicted of trafficking in controlled dangerous substance (Count One) and for which he was sentenced on October 2, 1996, to 15 years of imprisonment.[3]  Petition, p. 2 (unpaginated). Petitioner has attached to the petition a Certificate of Parole showing that he was paroled on the trafficking offense on February 8, 2002. On March 8, 2007, the State filed an application to revoke parole based on other criminal conduct committed by Petitioner in the State of California. Petition, attached Application to Revoke - Warrant Request.[4]  At a parole revocation hearing held on July 30, 2008, it was determined that Petitioner had violated the rules and conditions of his parole, and on September 2, 2008, Petitioner's parole was revoked. Petition, attached summary of executive parole revocation hearing and

---

[3]Petitioner was also convicted of one count of possession of a controlled dangerous substance for which he received a one-year sentence to be served concurrent with the trafficking conviction. Petition, attached Judgment and Sentence, Case No. CF-95-5655, *State v. Sampson*, District Court of Oklahoma County.

[4]The warrant request contained the following additional information:

> The Subject's case was being supervised in the state of California as a courtesy to Oklahoma under the auspices of the Interstate Compact Agreement. On 3/8/2007 a telephone call was received from Linda Pateman, Correctional Counselor, California Department of Corrections. She informed subject is incarcerated and requested information regarding parolee's previous incarceration. A copy of the Legal Status Summary was received. He was sentenced under the alias, Radford, Walter, CDC Number F24191; P532A, False Financial Statement, P470B, Display Forged ID.

Petition, attached Application to Revoke - Warrant Request.

Certificate of Revocation.

Petitioner has submitted documents showing that on April 16, 2009, he filed an application for post-conviction relief in the state district court, alleging that (1) his parole revocation was invalid because he had been discharged from his parole in Case No. CF-1995-5655 by the State of California two years before the arrest warrant was issued by the State of Oklahoma for parole violation, and (2) the evidence presented to support the issuance of the arrest warrant/detainer was misrepresented.[5] Petition, attached Application for Post Conviction Relief, *Sampson v. State of Oklahoma*, Case No. CF-95-5655, District Court of Oklahoma County, pp. 4-6, 7 (unpaginated). On May 1, 2009, the State requested an extension of time in which to prepare a response brief, and Petitioner moved to deny the State's request. Petition, attached Motion for Extension of Time; Motion To Deny Request for Extension of Time. The State filed the response brief on June 17, 2009. Petition, attached first page of State's Response to Application for Post-Conviction Relief. On June 25, 2009, Petitioner filed a motion for summary judgment, alleging that, because the district court had not yet granted the State's request for an extension of time, the response was untimely, and therefore Petitioner was entitled to release from illegal confinement. Petition, attached Motion Requesting Summary Judgment. As discussed below, Petitioner's post-

---

[5]In his post-conviction application, Petitioner asserted that he was discharged from his Oklahoma parole "by the State of California (3/16/05) and released from Oklahoma parole file 6/25/05." Petition, attached Application for Post-Conviction Relief, *Sampson v. State of Oklahoma*, Case No. CF-95-5655, District Court of Oklahoma County, p.3 (unpaginated). Based on these dates, Petitioner maintained that the arrest warrant issued in March 2007, claiming he violated the terms and conditions of his parole based on a California conviction in May 2006, was invalid because his Oklahoma state parole had expired prior to the issuance of the warrant.

conviction action remains pending in the state district court.

On October 5, 2009, Petitioner filed this action pursuant to 28 U.S.C. § 2241, raising three grounds for habeas relief. In Ground One, Petitioner alleges that the State filed an untimely request for an extension of time in which to file the response to his application for post-conviction relief. Petitioner contends that the state district court should have granted Petitioner's subsequently filed motion for summary judgment, based on the State's default. Petition, p. 4. In his second claim, Petitioner asserts that the state district court has failed to rule on his motion for summary judgment, rendering the "state court process ineffective to protect the rights of the applicant." *Id*., p. 5. In Ground Three Petitioner asserts that "the facts and evidence presented in Petitioner's application for post-conviction relief were conclusive to secure Petitioner's immediate release from illegal incarceration." *Id.*

**Grounds One and Two**

After reviewing the petition and affording Petitioner's claims a liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), the undersigned finds that Grounds One and Two fail to state claims cognizable in a federal habeas action. Petitioner's claim in Ground One is based on the State's failure to observe certain time frames set forth in the Oklahoma post-conviction statute. Petition, p. 4. In Ground Two Petitioner complains that the state district court has "failed to rule on Petitioner's motion for summary judgment causing Petitioner further loss of liberty." *Id.*, p. 5.

As to Petitioner's challenge to the execution of his sentence, federal habeas relief is available to Petitioner only if he demonstrates that he is "in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Foster v. Booher*, 296 F.3d 947, 949 (10th Cir. 2002). In this regard, the Supreme Court has stated that "[f]ederal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982). The Tenth Circuit Court of Appeals has held that an attempt by a habeas petitioner to challenge state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young*, 11 F.3d 1518, 1521, 1524 (10th Cir. 1993); *see also Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding that an alleged deprivation of due process based on the state appellate court's refusal to grant post-conviction review was not cognizable on federal habeas corpus "because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration"); *Graves v. Boone*, No. 99-7013, 1999 WL 1079626, *2 (10th Cir. Nov. 30, 1999) (unpublished) ("Mr. Graves' challenges to Oklahoma's post-conviction procedures do not amount to federal constitutional claims in a federal habeas action.") (citing *Steele*). Thus, Petitioner's claims in Grounds One and Two regarding alleged deficiencies in the pending state post-conviction proceeding fail to state cognizable claims for federal habeas relief.

**Ground Three**

On its face, Petitioner's claim in Ground Three appears to challenge the state court's failure to rule on his motion for summary judgment. As discussed above, such challenge to

state court procedures during a post-conviction proceeding fails to state a federal constitutional claim cognizable in a federal habeas proceeding. *Steele*, 11 F.3d at 1521; *Sellers*, 135 F.3d at 1339. However, Ground Three may be liberally construed as a claim that Petitioner's sentence in Case No. CF-95-5655 was illegally revoked, in violation of his constitutional rights – arguably a claim cognizable in a federal habeas action. Because it is clear that Petitioner has not exhausted his state court remedies as to such claim, Ground Three should be dismissed without prejudice.[6]

Habeas petitioners must exhaust available state court remedies before pursuing federal relief pursuant to 28 U.S.C. § 2241. *See Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). The exhaustion requirement may be excused if exhaustion would be futile, *i.e.*, there is "an absence of available State corrective process" or because "circumstances exist that render such process ineffective to protect the rights of the litigant." *Id.* at 818 (citations omitted). Under § 2241, the petitioner bears the burden of showing that he has exhausted available state remedies. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002).

The OCCA has instructed that

> A person who believes that his parole has been unlawfully revoked is permitted to challenge that revocation through post-conviction proceedings. Such a post-conviction action may be commenced once the Governor has

---

[6]The undersigned finds that it is proper to raise the issue of exhaustion *sua sponte*. *Odum v. Boone*, 62 F.3d 327, 333 n. 2 (10th Cir. 1995) ("We agree with the magistrate judge's conclusion that a court may raise the defense of nonexhaustion *sua sponte*."); *Darks v. Ward*, No. 96-6086, 1997 WL 346044 *1 (10th Cir. June 24, 1997) (unpublished) (upholding *sua sponte* dismissal because the Oklahoma Court of Criminal Appeals had not decided the appeal at the time the habeas petition was filed).

>formally revoked parole. The proper venue for a post-conviction action challenging a revocation of parole is "the county in which the person's Judgment and Sentence on conviction was imposed." It is under these authorities that Petitioner may commence a post-conviction action challenging the Certificate of Parole Revocation.

*Williams v. State*, 87 P.3d 620, 621-622 (Okla. Crim. App. 2004) (citing Okla. Stat. tit. 22, § 1080(e)). *See also* Frazier v. State, 59 P.3d 512, 514 (Okla. Crim. App. 2002) ([T]he intent of this provision is to permit an individual held in custody for parole violations to bring a post-conviction application for his release when it can be shown that there exists no lawful reason for his continued restraint."); *Hoover v. State*, 29 P.3d 591, 593 (Okla. Crim. App. 2001) (an appeal from a "revocation of parole is governed by post-conviction procedures").

It is clear from Petitioner's allegations and the attachments to the petition as updated by publicly available information contained in the Oklahoma State Courts Network that Petitioner has not exhausted his state court remedies; indeed, he concedes as much by pointing out that the state district court has not yet ruled on the post-conviction application in which he challenges the validity of his parole revocation. The state district court docket confirms that Petitioner filed his application for post-conviction on April 16, 2009, and the State filed a response on June 17, 2009. *See* Oklahoma State Courts Network ("OSCN"), Case No. CF-1995-5655, Oklahoma County District Court, at http://www.oscn.net (accessed October 15, 2009). The docket further confirms that Petitioner's motion for summary judgment filed on June 25, 2009, has yet to be ruled on, and the entire post-conviction action remains pending before the district court. *Id.*

Because Petitioner has failed to demonstrate either that he has satisfied the exhaustion

requirement or that he has "no available state avenue of redress," the petition should be dismissed without prejudice to refiling following exhaustion of state remedies. Once Petitioner has exhausted his claims through the state post-conviction procedure, he may then bring claims for federal habeas relief.[7] Accordingly, the undersigned recommends that the claim in Ground Three be dismissed without prejudice to refiling following exhaustion of state court remedies.

## **RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be dismissed upon filing due to Petitioner's failure in Grounds One and Two to state a claim cognizable in a federal action and due to Petitioner's failure in Ground Three to exhaust available state court remedies. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 19th day of November, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely

---

[7]Because Petitioner challenges the execution of his sentence under 28 U.S.C. § 2241, the one year limitation period prescribed in 28 U.S.C. § 2244(d)(1) began to run when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)( D). In the absence of any evidence to the contrary,  Petitioner could have discovered the factual predicate of his claim on September 2, 2008, when former Governor Keating issued a decision in which he found that Petitioner had violated the terms and conditions of his parole and revoked Petitioner's parole in Case No. CRF-95-5655. Assuming without deciding that Petitioner's pending post-conviction proceeding has qualified as a tolling event pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period would be tolled through the conclusion of the timely appeal of any denial of post-conviction relief.  If, after exhausting his state court remedies, Petitioner files a timely second habeas petition challenging the revocation of his parole, such action will not be considered second or successive if the instant petition is dismissed without prejudice for failure to exhaust.  *See McWilliams v. Colo.*, 121 F.3d 573, 575 (10th Cir. 1997).

objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

ENTERED this 30th day of October, 2009.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE