IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

**NOV 1 9 2009**

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

RODNEY SAMPSON,                          )
                                         )
            Petitioner,                  )
                                         )
vs.                                      )      No. CIV-09-1094-W
                                         )
GREGG WILLIAMS, Warden,                  )
                                         )
            Respondent.                  )

## ORDER

On October 30, 2009, United States Magistrate Judge Bana Roberts issued a

Report and Recommendation in this matter, and she recommended that the Application

for Writ of Habeas Corpus (hereafter "Petition") filed pursuant to title 28, section 2241 of

the United States Code by petitioner Rodney Sampson be dismissed upon filing for various

reasons.  Sampson was advised of his right to object, and the matter now comes before

the Court on Sampson's Motion to Amend Application for Writ of Habeas Corpus and his

Objection to Report and Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge

Roberts' suggested disposition of this matter.

Sampson was convicted in the District Court of Oklahoma County, Oklahoma, of

one count of trafficking in controlled dangerous substance and one count of possession

of a controlled dangerous substance.  State v. Sampson, No. CF-1995-5655.  He was

sentenced on October 2, 1996, to terms of imprisonment of fifteen (15) years and one (1)

year, to be served concurrently.

Sampson was paroled on February 8, 2002, but due to other criminal acts committed by Sampson in the State of California, the State of Oklahoma ("State") on March 8, 2007, filed an Application to Revoke and Warrant Request. A warrant was issued on March 20, 2007. After a hearing, Sampson's parole was revoked on September 2, 2008.

On April 16, 2009, Sampson sought post-conviction relief in the District Court for Oklahoma County, Oklahoma. That matter remains pending in the state district court.

The instant action was filed on October 5, 2009, and in his Petition, Sampson has asserted three grounds for relief. In Ground One of his Petition, Sampson has alleged that the State's response to his Application for Post Conviction Relief was untimely filed, and in Ground Two, Sampson has argued that the state district court's failure to rule on his Motion for Summary Judgment, which is based inter alia upon the State's alleged failure to file a timely response, has deprived him of his liberty. In Ground Three, Sampson has alleged that the facts and evidence he has presented in his Application for Post Conviction Relief conclusively determine his right to immediate release, and the state court's failure to grant his request for immediate release constitutes a "total disregard for the Constitution."

As Magistrate Judge Roberts found, Grounds One and Two fail to state claims that are cognizable in a federal habeas action. E.g., Steele v. Young, 11 F.3d 1518 (10th Cir. 1993)(facial and as-applied challenges to state post-conviction procedures fail to state federal constitutional claims cognizable in federal habeas proceeding).

In Ground Three, Sampson has alleged that the state district court has "ample ammunition," Petition at 5, to order his discharge and immediate release.   The

2

"ammunition" on which Sampson has relied is his claim "that he was discharged from parole prior to the issuance of the parole warrant . . . ." Id.

To the extent Sampson has asserted that his parole was illegally revoked in violation of his constitutional rights in Ground Three, the Court finds that such claim is actionable in a federal habeas proceeding. However, because it is clear that Sampson has not exhausted his available state court remedies[1] with regard to this claim, the Court finds Ground Three should be dismissed without prejudice to refiling once such state court remedies are exhausted.

Based upon the foregoing, the Court

(1) ADOPTS the Report and Recommendation [Doc. 9] filed on October 30, 2009;

(2) DISMISSES Grounds One and Two of Sampson's Petition for failure to state an actionable claim in this federal habeas proceeding;

(3) DISMISSES Ground Three without prejudice to refiling for failure to exhaust available state court remedies;

(4) GRANTS Sampson's Motion to Amend Application for Writ of Habeas Corpus [Doc. 10] file-stamped November 4, 2009, wherein Sampson has requested that James Rudek, Warden, be substituted as the respondent pursuant to Rule 25, F.R.Civ.P., for

---

[1]Federal habeas petitioners must exhaust available state court remedies before they may pursue federal relief under 28 U.S.C. § 2241, "unless doing so would be futile because of 'an absence of available State corrective process' or because 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" Magar v. Parker, 490 F.3d 816, 818 (10th Cir. 2007)(quoting 28 U.S.C. § 2254(b)(1))(other citation omitted).

Despite Sampson's argument that the "state process has proved to be ineffective to protect his constitutional rights," Objection to Report and Recommendation [Doc. 11] at 6, the Court finds the delay about which Sampson has complained is not inordinate and that Sampson therefore has failed to meet his burden in showing that circumstances exist that render the state court process ineffective to protect his rights because the state district court has not yet adjudicated his Application for Post Conviction Relief.

Gregg Williams, since Williams is no longer the Warden at Oklahoma State Reformatory,

where Sampson is incarcerated; and

(5) DIRECTS the Clerk of the Court to change the record in this case to reflect that

substitution.

ENTERED this _19th_ day of November, 2009.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

4